Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA  92614
(949) 720-9200

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the Credit Suisse First Boston Mortgage Securities Corp. Home Equity Pass Through Certificates, Series, 2006-8.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>JOSE CANALES<br><br>      Debtor.<br>_____ | CASE: 10-56453CN-11<br><br>CHAPTER 11<br><br>REF.: ASW-747<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON<br><br>DATE: 10/6/10<br>TIME: 2:00pm<br>CTRM: 3070<br>U.S. Bankruptcy Court<br>280 S. First Street<br>San Jose, California |

The Motion of SELECT PORTFOLIO SERVICING, INC. respectfully shows as follows:

    1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2. On June 21, 2010, a petition under Chapter 11 of the Bankruptcy Code was filed by the Debtor. This is the third case filed affecting the subject property.

Matter I.D. 6401-6036
Case: 10-56453   Doc# 54   Filed: 09/16/10   Entered: 09/16/10 12:51:02   Page 1 of 8

3. The first case was a chapter 13 and filed with this court on January 30, 2008 by Jose Carlos Canales, case number 08-50360. The case was dismissed on February 19, 2008, for failure to comply with court's order and closed on March 18, 2008.

4. The second case was a chapter 13 and filed with this court on February 29, 2008 by Jose Carlos Canales case number 08-50968. The case was dismissed on June 19, 2009 and the case was closed on June 22, 2009.

5. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

6. Movant is the beneficiary under a Deed of Trust which secures a Promissory Note ("Note") in the principal sum of $826,000.00, with the Note all due and payable on September 1, 2036. The Note and Deed encumber real property commonly known as:

   3658 El Grande Drive, San Jose, CA 95132 ("Property")
and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant by way of an assignment. <u>See</u> Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on May 7, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

9. The Property is Debtor's principal residence.

10. As of July 6, 2010, the Debtor has failed to tender 9 of the contractual payments which have fallen due under the Note and Deed of Trust.

11. The total amount due under Movant's Note and Deed of Trust as of July 6, 2010, exclusive of attorneys fees and costs, was approximately $932,529.81. See Statement of Indebtedness attached hereto as **Exhibit "1"**.

12. Movant requests the Court take Judicial Notice that the Debtor's Schedule "A" provides the fair market value of the Property is approximately $766,389.00. A true and correct copy of Schedule "A" is attached hereto as Exhibit "2" and incorporated by reference.

13. Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtor does not have any equity in the Property.

14. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

15. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

WHEREFORE, Movant prays for the judgment against Respondent as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all

rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

    (2) For reasonable attorneys' fees as a secured claim under 11 U.S.C. Section 506(b);

    (3) That any relief from stay granted Movant be deemed binding and of full force and effect in any pending or future case filed by any entity that claims any interest in the property;

    (4) For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3).

    (5) For reasonable attorneys' fees and costs;

    (6) For costs incurred or expended in suit herein; and

    (7) For such other and further relief as the Court deems just and proper.

Dated: 9/16/10

/s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the Credit Suisse First Boston Mortgage Securities Corp. Home Equity Pass Through Certificates, Series, 2006-8

# EXHIBIT 1

## MOVANT'S STATEMENT OF INDEBTEDNESS

<u>Debtor</u>:            CANALES
<u>CASE NO.</u>:          10-56453CN-11
<u>PROPERTY ADDRESS</u>:  3658 El Grande Drive
                         San Jose, CA  95132

A.  <u>APPROX. PRINCIPAL DUE AS OF July 6, 2010</u>:
1st trust deed Select Portfolio              =  $      853,986.21

                                      TOTAL = $       853,986.21

B.  <u>APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 07/06/10</u>:
Movant's first trust deed payments and late charges:

9    payment(s) at    $    7,689.02    =  $        69,201.18

                         Accrued Late Charges  $           854.52
                               Escrow Advance  $         8,343.50
                           Recoverable Balance $           144.40

                                       TOTAL  $         78,543.60

C.  <u>VALUE OF PROPERTY</u>:                         $      766,389.00
D.  <u>LESS TOTAL OF PRINCIPAL AND DELINQUENCY</u>:   $      932,529.81

E.  <u>GROSS EQUITY (D-C)*</u>:                       $     -166,140.81

* Note:  The gross equity, if any, will be further diminished
  by current market conditions and costs of sale.

# EXHIBIT 2

B6A (Official Form 6A) (12/07)

In re **Jose Canales**, Case No. **10-56453**
Debtor

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **3658 El Grande Dr. San Jose, CA 95132 (estimated value based on cyberhomes.com 7/20/2010)** | | - | 766,389.00 | 853,986.00 |
| **2258 Story Rd. San Jose, CA 95122 (estimated value based on zillow.com 6/18/10)** | | - | 307,500.00 | 507,873.00 |
| **2250 Story Rd San Jose, Ca 95122 (estimated value based on zillow.com 6/18/10)** | | - | 304,500.00 | 482,065.00 |
| **Avenida Ocho de Julio 3900 (In between Calle Ramon Rocha and Calle Aldama) Balcones del Cuatro (Subject to transfer pursuant to Marital Settlement Agreement dated April 24, 2009) Property may have already been transferred pre-petition)** | Fee simple | - | 150,000.00 | 0.00 |
| **La Fraccion No. 202, predio rustico, San Jose de las Penas, located in the Municipal of Ameca, Jalisco Mexico (Subject to transfer pursuant to Marital Settlement Agreement dated April 24, 2009) Property may have already been transferred pre-petition)** | | - | 15,000.00 | 0.00 |
| **Calle Sauces, Colonia Santa Cruz del Valle 45655, located in the Municipal of Tiaquepague, Jalisco Mexico (Subject to transfer pursuant to Marital Settlement Agreement dated April 24, 2009) Property may have already been transferred pre-petition)** | Fee simple | - | 10,000.00 | 0.00 |

| | Sub-Total > | **1,553,389.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **1,553,389.00** | |

 **0**  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                                                                                        Best Case Bankruptcy